No. 661          July 23, 2025          141

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CHRISTOPHER ALLEN ENYART,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
21CV01014; A182499

Patricia A. Sullivan, Senior Judge.

Submitted June 6, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

On appeal from a judgment denying post-conviction relief, petitioner argues that the post-conviction court erred when it denied relief on his claim of ineffective assistance of trial counsel. Petitioner argues that trial counsel was ineffective in failing to order a psychosexual evaluation to present at sentencing. Because trial counsel made a reasonable strategic decision not to order the evaluation, we affirm.

Petitioner pleaded guilty to three counts of first-degree sodomy, and he received three consecutive "true-life" sentences due to his history of sex crimes and the age of the victims. The sentencing court found that there were "no mitigating factors and there are lots of aggravating factors." Petitioner filed a petition for post-conviction relief, arguing only that trial counsel was ineffective in failing to "obtain and present a psychosexual evaluation at sentencing."

The post-conviction court denied relief, finding that trial counsel was not ineffective because she "engaged in vigorous advocacy," "did present mitigation and argued for a downward departure," and "obtained a psychological evaluation. As a result of that evaluation, Trial Counsel made a reasonable decision not to pursue further evaluation, as it was not recommended by her expert, and highly likely to result in material she would not wish to submit to the Court." Petitioner appeals, arguing that the post-conviction court erred in its determination that counsel was not inadequate.

On appeal, we review the post-conviction court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided that there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). To succeed on a claim of inadequate assistance of counsel, a petitioner must show (1) that trial counsel failed to exercise reasonable professional skill and judgment, and (2) that the petitioner suffered prejudice as a result. *Id.*

"[T]he exercise of reasonable professional skill and judgment generally requires an investigation that is legally and factually appropriate to the nature and complexity of the case so that the lawyer is equipped to advise and represent the client in an informed manner." *Stevens v. State of*

*Oregon*, 322 Or 101, 108, 902 P2d 1137 (1995); *Krummacher v. Gierloff*, 290 Or 867, 875, 627 P2d 458 (1981) ("[C]ounsel must investigate the facts and prepare [themselves] on the law to the extent appropriate to the nature and complexity of the case so that [they are] equipped to advise [their] client, exercise professional judgment and represent the defendant in an informed manner."). Similarly, "tactical decisions must be grounded on a reasonable investigation" and "[t]he question in each case is whether trial counsel's investigation was legally and factually appropriate to the case." *Gorham v. Thompson*, 332 Or 560, 567, 34 P3d 161 (2001). However, when counsel has reason to believe that pursuing certain investigations would be "fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Richardson v. Belleque*, 362 Or 236, 256, 406 P3d 1074 (2017) (internal quotation marks omitted).

Petitioner argues that trial counsel failed to conduct an adequate investigation because she did not order a psychosexual evaluation at the sentencing stage to explore mitigating evidence. He argues that "[b]ecause trial counsel didn't even conduct an investigation into those facts, [her] performance should be found to be *per se* inadequate under the circumstances of this case."

The post-conviction court did not err, and there is evidence in the record to support its findings. Contrary to petitioner's argument that trial counsel did not conduct an investigation, she ordered a psychological evaluation in response to petitioner's repeated claims that his behavior stemmed from mental health conditions, such as psychosis linked to depression, and was not committed for a sexual purpose. As noted by the post-conviction court, that evaluation was not favorable to petitioner, and the expert who conducted the evaluation, who had previously conducted a psychosexual evaluation of petitioner, did not recommend obtaining another psychosexual evaluation. In her post-conviction declaration, trial counsel stated that not obtaining the evaluation was a strategic decision because she was concerned it would hurt petitioner more than help him. Evidence supports the post-conviction court's determination

that it was reasonable for her not to continue to pursue that investigation. *See id*.

Petitioner contends that there was "no downside" to ordering the evaluation, but "the standard for determining the adequacy of counsel is not whether a given decision, viewed in isolation, had no 'downside,' or whether a reasonable attorney could come to a different conclusion." *Farmer v. Premo*, 363 Or 679, 700 n 17, 427 P3d 170 (2018). Additionally, petitioner argues that counsel "delegated [her] strategic decision-making responsibility to a non-attorney third party." However, petitioner mischaracterizes counsel's decision. Counsel based her strategic decision not to order the evaluation in part on the advice of the doctor that had conducted the psychological evaluation and a prior psychosexual evaluation on petitioner, as she could reasonably do. *See, e.g.*, *Montez v. Czerniak*, 355 Or 1, 20, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014) (holding that "counsel acted reasonably in relying upon qualified experts" in deciding not to order additional testing regarding petitioner's claims of brain damage in investigation for mitigating evidence).

In sum, petitioner has failed to show that the post-conviction court erred in determining that trial counsel exercised reasonable professional skill and judgment in deciding not to order the psychosexual evaluation.[1] Accordingly, the post-conviction court did not err in denying petitioner's claim of ineffective assistance of counsel.

Affirmed.

---

[1] We note that petitioner also argues that he was prejudiced by counsel's failure to order the evaluation, and that the post-conviction court applied the wrong legal standard in determining prejudice: it addressed whether the evidence "would have changed the outcome" rather than whether the evidence showed a "tendency" to affect the outcome. The state "agrees that the court's phrasing was incorrect." However, because petitioner has not proven that counsel failed to exercise reasonable skill and judgment, we need not reach his argument regarding prejudice.